JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-05735 PA (MAAx) | | Date | June 30, 2020 |
|---|---|---|---|---|
| Title | Patricia Chaidez v. Durham School Services, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Durham School Services ("Removing Defendant"). (Dkt. No. 1 ("Removal").) Removing Defendant contends that this Court possesses diversity jurisdiction over the claims filed by plaintiff Patricia Chaidez ("Plaintiff") against Removing Defendant and its codefendant Wendy Castellano ("Castellano"), based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

Here, Removing Defendant states "Plaintiff is a resident of Bell Gardens, California, and was employed at [Defendant's] Carson location." (Removal ¶ 11 (citing Dkt. No. 4, Complaint ("Compl.") ¶ 1.) Removing Defendant further states that "as part of her application for employment, Plaintiff listed a California address in Bell Gardens . . . [and] Plaintiff has not informed [Removing] Defendant of any address change." (Id. ¶ 12 (citing Decl. of Monica Spoerl ¶ 5).) The Complaint alleges that Plaintiff

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-05735 PA (MAAx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Patricia Chaidez v. Durham School Services, et al. | | |

"was and is a resident of the State of California." (Compl. ¶ 1.) But residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Further, the declaration of Monica Spoerl simply states "[t]he last home address that Plaintiff provided to Defendant is located in Bell Gardens, California." (Spoerl Decl. ¶ 6.) Again, this is insufficient to establish that Plaintiff is a citizen of California. Therefore, Removing Defendant has not properly alleged Plaintiff's citizenship. Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Even if Removing Defendant had properly alleged Plaintiff's citizenship in California, it still would not have made a sufficient showing that there is fraudulent joinder in this case. Here, Removing Defendant makes no allegation in its Notice of Removal regarding the citizenship of its codefendant Castellano. Instead, Removing Defendant contends that the citizenship of its codefendant should be ignored because she is "fraudulently joined." (Removal ¶ 22.) The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. (citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000)).

While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-05735 PA (MAAx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Patricia Chaidez v. Durham School Services, et al. | | |

must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

Here, Removing Defendant contends that Plaintiff "asserted a disability harassment claim against individual defendant Castellano" but "no alleged harassing conduct is attributed to Castellano." (Removal ¶ 25.) Removing Defendant argues Plaintiff alleges only that "(1) Castellano became Plaintiff's new supervisor in 2016; (2) 'Castellano and another supervisor, Jim Martinez, began to micro-manage Plaintiff in an effort to fabricate performance issues,'; (3) Castellano caused her stress and anxiety; (4) and Castellano asked Plaintiff to 'complete tasks that went beyond her restrictions.'" (Removal ¶ 27, citing Compl. ¶¶ 9, 10, 13, 16.) Removing Defendant argues "[n]one of these allegations can constitute actionable harassment as a matter of law." (Id.)

Defendant's argument is unpersuasive. While the Complaint "may indeed be deficient as accused, . . . leave to amend those deficiencies would be appropriate," and "[r]emand must be granted unless the [Removing Defendant] shows that [Plaintiff] would not be afforded leave to amend [her] complaint to cure the purported deficiency." Nation, 2013 WL 12144106, at *2. All Removing Defendant has shown here is that Plaintiff's allegations, as currently stated, may be insufficient. Removing Defendant has made no showing that Plaintiff would not be granted leave to amend her allegations to sufficiently state a claim for relief against Castellano.

The Court finds that Removing Defendant has not met its "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on her claims against Castellano. Castellano is therefore not "fraudulently joined" and the Court cannot ignore her citizenship for purposes of the Court's exercise of diversity jurisdiction.

For the reasons stated above, Removing Defendant has failed to establish that complete diversity exists. See 28 U.S.C. § 1447(c). The Court does not have jurisdiction over this action. Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV19358, for lack of subject matter jurisdiction.

IT IS SO ORDERED.